## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

No. 21-13455

WILLIAM HOWER MELENDEZ,

*Plaintiff-Appellee,*

v.

MARK S. INCH, DONALD DAVIS, JEFFREY R. MCCLELLAN, JOHN PALMER, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,

*Defendants-Appellants.*

No. 22-10306

WILLIAM HOWER MELENDEZ,

*Plaintiff-Appellee,*

v.

STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,

*Defendant-Appellant,*

WARDEN, et al.

*Defendants.*

Appeal from the United States District Court for the Middle District of Florida
Case No. 3:20-cv-01023; The Honorable Brian J. Davis

### PLAINTIFF-APPELLEE WILLIAM MELENDEZ'S MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES ON APPEAL AND INCORPORATED APPLICATION FOR ATTORNEYS' FEES AND SUPPORTING MEMORANDUM

Rosalind Dillon
Danielle Berkowsky
Noor Tarabishy
Julianna Astarita
RODERICK & SOLANGE MACARTHUR
JUSTICE CENTER
160 E. Grand Ave., 6th Floor
Chicago, Illinois 60611

David F. Oyer
Megha Ram
RODERICK & SOLANGE MACARTHUR
JUSTICE CENTER
501 H St. NE, Suite 275
Washington, DC 20002

Daniel M. Greenfield
RODERICK AND SOLANGE MACARTHUR
JUSTICE CENTER
NORTHWESTERN PRITZKER
SCHOOL OF LAW
375 East Chicago Ave.
Chicago, Illinois 60611
(312) 503-8538
daniel-greenfield@law.northwestern.edu

*Attorneys for Plaintiff-Appellee William Hower Melendez*

*Melendez v. State of Florida Dep't of Corr., et al.*,
11th Cir. Docket Nos. 21-13455 & 22-10306

## CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT

The undersigned hereby certifies the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that may have an interest in the outcome of this appeal:

1.   Alexander, Mark G.

2.   Alexander DeGance Barnett, P.A.

3.   Astarita, Julianna

4.   Ateberry, Robert

5.   Baker, Samantha-Josephine

6.   Berkowsky, Danielle

7.   Brown, Robert

8.   Bryant, Terry

9.   Chandler, Jamaal

10.  Chauncey, David E.

11.  Davis, The Honorable Brian J.

12.  Davis, Donald

13.  Department of Corrections, State of Florida

14.  Dillon, Rosalind

15.  Dixon, Ricky D.

16.  Duke, Samantha C.

17.  Filler, Maggie E.

18.  Folsom, Billy

19.  Geiger, M.

20.  Greenfield, Daniel

*Melendez v. State of Florida Dep't of Corr., et al.*,
11th Cir. Docket Nos. 21-13455 & 22-10306

21.    Grosholz, Jeffrey J.

22.    Gwara, Adam

23.    Hackett, Leonard T.

24.    Hall, William

25.    Henderson, Greg

26.    Hummel, Erich

27.    Hunter, P.

28.    Inch, Mark S.

29.    Knott, Steven

30.    Luke Newman, P.A.

31.    McClellan, Jeffrey R.

32.    Melendez, William H.

33.    Moreland, Justin

34.    Nelson Mullins Riley & Scarborough, LLP

35.    Newman, Luke

36.    Nosbich, Charles

37.    Office of the Attorney General, State of Florida

38.    Oliva, Agderemme

39.    Oyer, David

40.    Palmer, John

41.    Philbert, Daniel

42.    Ram, Megha

43.    Reddish, Barry

44.    Roderick & Solange MacArthur Justice Center

45.    Rollins, James

46.    Rumberger, Kirk & Caldwell, P.A.

47.    Smith, Nicole Sieb

*Melendez v. State of Florida Dep't of Corr., et al.,*
11th Cir. Docket Nos. 21-13455 & 22-10306

48.    Tarabishy, Noor

49.    Tomlinson, Kevin

50.    Toomey, The Honorable Joel B.

51.    Van Allen, Jack

52.    Van Brunt, Alexa

53.    Vernis & Bowling of North Florida, P.A.

54.    Waters, Kelly Dunn

55.    Webb, Lloyd

56.    Wedekind, Lee D., III

57.    Williams, Colin

58.    Williams, Eugene

59.    Willis, Jonathan

60.    Woodall, Ronnie

61.    Woods, Brandon

Pursuant to Eleventh Circuit Rule 26.1-3, the undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: May 20, 2022                    Respectfully Submitted,

                                       *s/ Daniel M. Greenfield*
                                       Daniel M. Greenfield

Appellee William Melendez, by and through undersigned counsel, hereby submits his application for attorneys' fees on appeal and supporting memorandum, and simultaneously moves to transfer consideration of the application to the district court. *See* 11th Cir. R. 39-2. The district court is already considering a similar fee application, filed April 29, 2022, and transferring this application to the district court would therefore serve efficiency and judicial economy.

## I.     Procedural History

Mr. Melendez is a prisoner in the custody of the Florida Department of Corrections. Op. 4.[1] He has been held in solitary confinement "continuously, except for a four-month period, since he attempted suicide on August 24, 2016." *Id.* In September 2020, Mr. Melendez filed a complaint in the Middle District of Florida alleging that Appellants were violating his rights under the First, Eight, and Fourteenth Amendments, as well as under the Americans with Disabilities Act and Rehabilitation Act. *Id.*

Mr. Melendez then moved for a preliminary injunction, alleging that continued solitary confinement placed him at "extremely high risk of suicide." Op. 5. Appellants opposed the motion. *Id.* Op. 6. The district court granted the motion

---

[1] Citations to "Op." refer to this Court's slip opinion in this case, which is unpublished and can be found at *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 22-10306, 2022 WL 1124753 (11th Cir. 2022).

and issued a preliminary injunction. Op. 7-12. Appellants appealed to this Court. Op. 12.

Immediately after filing this appeal, Appellants filed an Emergency Motion to Stay in this Court on Friday, October 8, 2021, to which Mr. Melendez was ordered to respond by the following Monday, October 11.[2] After expedited briefing over the weekend, this Court denied Appellants' emergency motion. Appellants then filed a motion seeking reconsideration of the denial, to which Mr. Melendez responded. This Court again denied the motion.

Appellants also moved to expedite the appeal, and, after granting one 30-day briefing extension to Mr. Melendez, this Court granted the motion, requiring Mr. Melendez to respond by January 12, 2022 without further extension. Notably, however, the preliminary injunction expired by force of law on January 3, 2022. Op. 3, 12. Despite the fact that this expiration clearly mooted their appeal per binding and unambiguous Eleventh Circuit case law, Appellants continued to press the appeal.

Meanwhile, in the district court, Mr. Melendez moved for a second preliminary injunction after the first expired. Op. 12. Appellants again opposed the motion. Op. 14. The district court again granted the motion, this time after a three-

---

[2] All motions and orders referenced in these cases are available on the docket pages for the two appeals, No. 21-13455 and No. 22-10306.

day evidentiary hearing, and issued another preliminary injunction. Op. 14-15. Appellants appealed the second injunction, too. Op. 16.

In support of their second appeal, Appellants filed three motions in this Court on Friday afternoon, February 4, 2022. Appellants moved to expedite briefing, to consolidate the appeals, and to stay the injunction. Mr. Melendez was required to respond to all three motions by close of business the following Tuesday, February, 8, although Mr. Melendez sought and was granted a 22-hour extension to 3:00 pm, Wednesday, February 9. After considering this briefing, this Court again denied a stay but granted expedited briefing and consolidation of appeals.[3]

On April 15, 2022, this Court ruled for Mr. Melendez in both appeals: it held that the appeal of the first injunction was moot and that Appellants' challenges to the second injunction failed on the merits. *See* Op. 3-4.

## II.    Mr. Melendez Is Entitled To Attorneys' Fees Under Federal Law.

Mr. Melendez brought suit under 42 U.S.C. § 1988, *see* Op. 4, and is therefore entitled to recover fees so long as he is a "prevailing party." *See Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 788 (1989). To be considered a prevailing party, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792.

---

[3] Because the appeals were consolidated, Mr. Melendez's fee petition covers both cases.

The Eleventh Circuit has interpreted this language to mean "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir.2003). Where the grant of a preliminary injunction was based on the probability of success on the merits, the "underlying rule [is] that a preliminary injunction is a 'material alteration of the legal relationship of the parties.'" *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009).

With respect to the first preliminary injunction, Mr. Melendez was granted injunctive relief by the district court because he "demonstrate[d] a likelihood of success on the merits of his Eighth Amendment claim against the FDOC and the Supervisory Defendants." D.E. 203 at 3. On the day the first preliminary injunction expired, Mr. Melendez moved for a second preliminary injunction that was again granted by the district court because Mr. Melendez "demonstrate[d] a likelihood of success on the merits of his Eighth Amendment claim." D.E. 253 at 6. Both preliminary injunctions resulted in meaningful change to Mr. Melendez's conditions of confinement.

In this consolidated appeal from both preliminary injunctions, there is no question, then, that Mr. Melendez is the prevailing party. This Court rejected all of Appellants' arguments on appeal, holding that "the district court did not abuse its

4

discretion in entering the second preliminary injunction" and, furthermore, that the district court "did not abuse its discretion in finding that Melendez's Eighth Amendment conditions of confinement claim had a substantial likelihood of succeeding on the merits." Op. 47-48, 62-63. The Court's opinion thus constitutes "a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Est. of Smalbein*, 353 F.3d at 905; *see also Hanrahan v. Hampton*, 446 U.S. 754, 757-59 (1980) (holding that parties are entitled to fees after obtaining relief on the merits).

While this language was specifically in reference to this Court's affirmance of the second appeal, Mr. Melendez is a prevailing party with respect to both appeals. In agreeing with Mr. Melendez that the first appeal was moot, this Court explained that the issues raised as to the first preliminary injunction would not evade review because the same arguments are addressed in the Court's discussion of the second preliminary injunction. Op. 25. Indeed, the two appeals were consolidated *because* they raised the same or similar issues, 11th Cir. R. 12-2, and the Appellants "rehash[ed]" the same arguments, OB 29; D.E. 253 at 4. Accordingly, the work performed by attorneys in the second appeal relied substantially on work performed in the first, and this Court can grant Mr. Melendez attorneys' fees for work for both appeals.

5

### III.    Mr. Melendez's Proposed Hourly Rates Are Reasonable.

Mr. Melendez's proposed hourly rates, described below, are reasonable. A "reasonable hourly rate" is determined based on a consideration of twelve factors.[4] *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors suggest that most of Mr. Melendez's counsel—Daniel Greenfield, Megha Ram, Rosalind Dillon, David Oyer, Noor Tarabishy, and Danielle Berkowsky—are entitled to a reasonable hourly rate of the statutory maximum, i.e., $232.50 per hour for work performed in 2021 and $237 per hour for work performed in 2022. *See* 42 U.S.C. § 1997e(d)(3); *CJA Guidelines*, Chap. 2, § 230.16.[5] Based on the same factors, post-bar law clerk Julianna Astarita and experienced paralegal Emily Clark are each entitled to a reasonable hourly rate of $150 per hour. As noted in the contemporaneously filed affidavit, counsel does not seek fees for law student-practitioners, though such fees are recoverable. Greenfield Aff. ¶ 4.

---

[4] The factors, discussed in turn below, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Bivins*, 548 F.3d at 1350 n.2.

[5]    *Available    at*    https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses.

6

The first factor affecting the reasonable hourly rate, the time and labor required, cuts in favor of Mr. Melendez's requested rate. This was an unusually demanding appeal to litigate. Appellants filed two separate appeals and both were litigated on expedited timelines. During the second appeal, Appellants filed three simultaneous motions to which Mr. Melendez was required to respond to within less than a week. During those compressed response windows, Mr. Melendez was required to contend not only with the complex constitutional and equitable issues involved, but to parse several immense appendices, including an over 3000-page appendix for the second appeal alone.

The novelty and difficulty of the questions presented, the second factor, also cuts in favor of the requested rates. This case was unusually wide-ranging for a preliminary injunction appeal and required analysis of, among other issues, the merits of an Eighth Amendment claim based on prolonged solitary confinement— an area of the law in which courts have issued few and divided opinions—the language of a relatively obscure statute, 18 U.S.C. § 3626(a)-(b), and several ultimately frivolous but somewhat novel constitutional arguments by Appellants, *see* OB46-47 (arguing that the relief granted violated the separation of powers); OB44 (arguing that Mr. Melendez's case was not properly brought under Section 1983). Analyzing these issues required substantial legal research and strategic discussion. This was a complex case. *See Carruthers v. Florida*, 274 F. Supp. 3d 1345, 1353-54

(S.D. Fla. 2017) (granting PLRA maximum rate where case "involved complex questions regarding the constitutionality of prison conditions").

The third factor, the skill required to perform the legal service properly, also cuts in favor of the statutory maximum rate. Eighth Amendment jurisprudence has been called "intricate," *Johnson v. Texas*, 509 U.S. 350, 374 (1993) (Scalia, J., concurring), "exceedingly complex," *Kennedy v. Louisiana*, 554 U.S. 407, 452 (2008) (Alito, J., dissenting), "flawed," *Erickson v. Pardus*, 551 U.S. 89, 95 (2007) (Thomas, J., dissenting), and a "thicket," *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003), by justices of the United States Supreme Court. Each of the attorneys involved in this case is specialized in litigating these tricky Eighth Amendment claims, and prisoner claims more generally. *See* Greenfield Aff. ¶¶ 5-14; *Carruthers*, 274 F. Supp. 3d at 1354 (awarding PLRA maximum rate in part due to "the complexity of [the] case requir[ing] skilled lawyers with specialized knowledge of prison and jail litigation").

The fourth factor, the preclusion of employment due to acceptance of the case, also favors the statutory maximum rate. This case required MJC's Supreme Court and Appellate Practice to devote an unusually large number of appellate attorneys to a circuit-court appeal: four instead of two. Greenfield Aff. ¶ 16. Moreover, due to the complexity of both the proceedings below and the record, MJC's trial lawyers needed to work on the appellate proceedings. *Id.* The cumulative effect of these

demands was such that MJC was undoubtedly precluded from adding two, if not three, additional cases to its relatively small docket. *Id.* ¶ 16.

The fifth factor, the "customary fee," also cuts in favor of Mr. Melendez's proposed rates. District courts in this circuit routinely award experienced prison litigators the PLRA statutory maximum, which itself is a mere fraction of the rate that most of Mr. Melendez's lawyers would command on the open market. *See, e.g.*, *Carruthers*, 274 F. Supp. 3d at 1353 (determining that the PLRA maximum was "well below the prevailing market rates" in south Florida in complex civil-rights prisoner case); *Laube v. Allen*, 506 F. Supp. 2d 969, 988 (M.D. Ala. 2007) (approving PLRA maximum for all attorneys but a first-year associate); *First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-AAS, 2021 WL 2856626, at *2-3 (M.D. Fla. July 8, 2021) ($456 and $375 per hour to be a reasonable hourly rate for two attorneys with five years of experience); *JSurgical, Inc. v. Synergy Health, PLC*, No. 8:18-CV-1022-T-30JSS, 2018 WL 7502044, at *3 (M.D. Fla. Dec. 6, 2018) ($250 a reasonable rate for a fourth-year associate); *Valentin v. Castillo Paint & Collision Shop, Inc.*, No. 8:16-cv-967-T-23TGW, 2016 WL 6868175, at *4 (M.D. Fla. Oct. 31, 2016) ($300 reasonable for an attorney with 5 years of experience); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *4 (S.D. Fla. Aug. 7, 2017) (finding reasonable rate for second-year attorney in 2017 to be $250), *report and recommendation adopted*, No. 0:14-CV-60629, 2017 WL

5632811 (S.D. Fla. Aug. 22, 2017). For that reason, attorneys Greenfield, Ram, Dillon, Oyer, Berkowsky, and Tarabishy—specialized prison litigators with multiple years of experience—are entitled to the statutory maximum. *See* Greenfield Aff. ¶¶ 5-12. Pre-bar law clerk Julianna Astarita[6] and highly experienced paralegal Emily Clark are entitled to reimbursement at the $150 rate that this Court recently found reasonable for paralegals. Greenfield Aff. ¶¶ 13-14; *Zediker v. OrthoGeorgia*, 857 F. App'x 600, 610 (11th Cir. 2021); *see Laube*, 506 F. Supp. 2d at 988 (billing pre-bar law clerk's hours at paralegal rate). In short, Mr. Melendez's requested rates conform or fall below the "customary rates" for attorneys of comparable skill and experience.

The sixth factor, whether the fee is fixed or contingent, also cuts in Mr. Melendez's favor. The purpose of this factor is to determine whether the attorneys took the case "with no guarantee [of] . . . compensation." *See Kennedy v. CHET Enters.*, No. 4:19-CV-00170-JPB, 2021 WL 3423233, at *3 (N.D. Ga. Apr. 19, 2021). Here, MJC's attorneys certainly had no guarantee of compensation. Greenfield Aff. ¶ 18. MJC took this case *pro bono*. *Id*. MJC did not collect an initial fee and will not be entitled to any subsequent monetary recovery on a contingent fee basis—the only exception is that mandated by the PLRA in the case of an attorney

---

[6] Astarita was admitted to the bar on April 5, 2022, after completing her work in this case.

10

fee award. *See* 42 U.S.C. § 1997e(d)(2) ("Whenever a monetary judgment is awarded . . . a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant."). Greenfield Aff. ¶ 18. Nor would any MJC attorney financially benefit from any portion of attorneys' fees recovered via the fee-shifting statute—rather, any such recovered fees would fund future *pro bono* representation, including of populations particularly unlikely to otherwise obtain counsel.

The seventh factor, time limitations imposed by the client or other circumstances, cuts heavily in favor of Mr. Melendez's proposed fee. As noted, both appeals in this case were litigated on an expedited basis. Mr. Melendez had to file expedited responses to a first emergency motion for stay, a first motion to expedite, a second emergency motion to stay, a motion to consolidate, a second motion to expedite, and a second appeal on the merits. These time limitations were far more substantial and numerous than those in a standard appeal, which typically involves no motions practice and in which routine extensions are so common that this Court grants them orally through a phone call to its clerk's office, 11th Cir. R. 31-2(a). This consolidated appeal's expedited timeframe and numerous motion filings, by contrast, all favor Mr. Melendez's requested rate.

11

The eighth factor, the amount involved and the results obtained, also cuts in Mr. Melendez's favor. As to the amount involved, this is not a case about monetary damages. This is a case concerning injunctive relief necessary to preserve a man's life. As this Court explained, Mr. Melendez is "an inmate (1) diagnosed with major depressive disorder with psychotic features that was exacerbated by his extended stay in solitary confinement, (2) having a history of self-injurious acts while in CM, with some requiring emergency treatment, and (3) determined to be suicidal by a psychiatrist." Op. 34. This case therefore involves stakes even higher than those in a case concerning a substantial monetary dispute. And the results obtained are significant: Mr. Melendez won multiple preliminary injunctions restraining Appellants' capacity to keep him indefinitely in prolonged solitary confinement. *See* Op. 7-8, 15. These stakes and that result favor Mr. Melendez's requested fees.

The ninth factor, the experience, reputation, and ability of the attorneys involved, also cuts in Mr. Melendez's favor. MJC's Supreme Court and Appellate Practice—which led Mr. Melendez's representation and of which attorneys Greenfield, Ram, Dillon, and Oyer are a part—wins 80.4% of its appeals from an adverse judgment, an astronomical rate that dwarfs the typical 9% reversal rate in the federal courts of appeals. Greenfield Aff. ¶ 15; Administrative Office of the U.S.

Courts, *Just the Facts: U.S. Courts of Appeals*, Dec. 20, 2016.[7] Moreover, lead attorney Greenfield has fourteen years of litigation experience, including nearly eight as a *pro bono* and non-profit attorney for prisoners, and a long track record of prevailing in complex, high-stakes appeals before the Federal Courts of Appeals and the United States Supreme Court. Greenfield Aff. ¶ 7. Like Greenfield, attorneys Ram, Dillon, and Oyer are all former federal law clerks with multiple years of experience and dockets currently dedicated to litigating primarily or exclusively on behalf of prisoners. *Id.* ¶¶ 8-10. Attorneys Berkowsky and Tarabishy are trial litigators with multiple years of experience litigating primarily or exclusively on behalf of prisoners. *Id.* ¶¶ 11-12. Attorney Astarita, whose requested rate is well below the PLRA statutory maximum, also litigates primarily prisoner cases. *Id.* ¶ 13. And paralegal Clark, whose requested rate is also well below the PLRA statutory maximum, has been a paralegal for sixteen years, the latter of half of which has been dedicated primarily to prisoner cases.[8] *Id.* ¶ 14. All of Mr. Melendez's attorneys attended law schools—Yale, Stanford, Harvard, and Northwestern—with prestigious reputations whose graduates rank among the best-compensated in the country. *See* Mike Stetz, *What law grads earn*, 9 Nat'l Jurist 16, 18 (2020).

---

[7] Available at https://www.uscourts.gov/news/2016/12/20/just-facts-us-courts-appeals.

[8] More detailed biographies of each attorney are included in the attached Greenfield Affidavit. *See* Greenfield Aff. ¶¶ 7-14.

The tenth factor, the "undesirability" of the case, also cuts in favor of Mr. Melendez's requested rates. Prisoner cases are so undesirable—due to the limitations on attorneys' fees and the perceived unpopularity of the clients—that courts must often appoint attorneys to represent prisoner-plaintiffs. *See, e.g.*, *Alexander v. Hawk*, 159 F.3d 1321, 1323 n.3 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997). MJC's willingness to represent Mr. Melendez, therefore, favors a relatively high rate.

The eleventh factor, the length of the professional relationship with the client, is neutral. MJC has represented Mr. Melendez in district court since 2020 and on appeal since last year. Mr. Melendez has, of course, not paid MJC during this time. *See* Greenfield Aff. ¶ 18.

The final factor, awards in similar cases, cuts in favor of Mr. Melendez's requested rates. As noted, courts in similar cases have granted the PLRA statutory maximum rate to attorneys with multiple years of experience and specialized prisoner litigation skills. *See supra* p. 8 (collecting cases); *see also Harris v. Hobbs*, No. 4:08cv569–RH/CAS, 2013 WL 6388626, at *2 (N.D. Fla. 2013) (awarding PLRA "statutory maximum hourly rate" even in case "warranting less, not more, deterrence" of prison officials).

14

### IV.    Mr. Melendez's Lodestar Fees Should Be Reimbursed.

Mr. Melendez should be granted attorneys' fees at the lodestar. Under section 1988, fees are typically calculated using the lodestar method, which entails "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Here, as detailed above, the reasonable hourly rates for Mr. Melendez's counsel are the statutory maximum for Greenfield, Ram, Dillon, Oyer, Berkowsky, and Tarabishy, and $150/hour for Astarita and Clark.

As to the hours worked, Mr. Melendez submits contemporaneous records kept by Ram, Dillon, Berkowsky, Tarabishy, and Clark, and carefully recreated hours assembled by Greenfield, Oyer, and Clark.[9] In the case of the latter two attorneys and paralegal, who did not contemporaneously track all of their hours, the recreation was done by painstakingly reviewing several hundred email chains and calendar entries, chat messages, and reviewing Microsoft Word version and editing history. Greenfield Aff. ¶ 4. Moreover, as to all the attorneys—not just those who recreated their billing records—Mr. Melendez has excluded administrative work, time spent communicating over email and instant message, and work performed in service of this fee petition. *Id.* ¶¶ 3-4. Mr. Melendez also excluded all time incurred by law

---

[9] Clark kept contemporaneous records for the second appeal, but not the first.

student practitioners, though such time is recoverable. *Id.* ¶ 4; *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). In all events, Mr. Melendez's counsel erred on the side of extreme caution. *Id.* Counsel's hourly work records are attached as exhibits to this motion.

Multiplying the reasonable rates described above by the tracked hours for each attorney yields a lodestar fee of $126,827.23, as shown in the table below. Mr. Melendez respectfully submits that his counsel is entitled to reimbursement at this amount.

| Attorney | Reasonable Hourly Rate | Hours Worked | Lodestar Fee |
|---|---|---|---|
| Daniel Greenfield | 2022: $237<br>2021: $232.50 | 2022: 96.25<br>2021: 67.5 | $38,505.00 |
| Megha Ram | 2022: $237 | 2022: 35.36 | $8,380.32 |
| Rosalind Dillon | 2022: $237<br>2021: $232.50 | 2022: 80.72<br>2021: 38 | $27,965.64 |
| David Oyer | 2022: $237<br>2021: $232.50 | 2022: 45.75<br>2021: 5.75 | $12,179.62 |
| Noor Tarabishy | 2022: $237<br>2021: $232.50 | 2022: 37<br>2021: 8.2 | $10,675.50 |
| Danielle Berkowsky | 2022: $237<br>2021: $232.50 | 2022: 31<br>2021: 44.02 | $17,581.65 |
| Julianna Astarita | 2022: $150<br>2021: $150 | 32.8 | $4,920 |
| Emily Clark | 2022: $150<br>2021: $150 | 2022: 35.93<br>2021: 8.2 | $6,619.50 |
| Total | | | $126,827.23 |

16

## V. Conclusion

This was a difficult appeal to defend. Mr. Melendez's counsel achieved excellent results, worked diligently, and now request a reasonable hourly fee capped by statute or, in the alternative, requests transfer of the application for appellate attorneys' fees and costs to the district court.

Dated: May 20, 2022                    Respectfully Submitted,

                    */s/ Daniel M. Greenfield*
                    Daniel M. Greenfield
                    RODERICK AND SOLANGE MACARTHUR
                    JUSTICE CENTER
                    NORTHWESTERN PRITZKER
                    SCHOOL OF LAW
                    375 East Chicago Ave.
                    Chicago, Illinois 60611
                    (312) 503-8538
                    daniel-greenfield@law.northwestern.edu

                    Rosalind Dillon
                    Danielle Berkowsky
                    Noor Tarabishy
                    Julianna Astarita
                    RODERICK & SOLANGE MACARTHUR
                    JUSTICE CENTER
                    160 E. Grand Ave., 6th Floor
                    Chicago, Illinois 60611
                    David F. Oyer
                    Megha Ram
                    RODERICK & SOLANGE MACARTHUR
                    JUSTICE CENTER
                    501 H St. NE, Suite 275
                    Washington, DC 20002

                    *Attorneys for Plaintiff-Appellee*
                    *William Hower Melendez*

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 3,747 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 and Times New Roman 14-point font.

Dated: May 20, 2022                          Respectfully submitted,

                                             *s/ Daniel M. Greenfield*
                                             Daniel M. Greenfield

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: May 20, 2022                                      Respectfully submitted,

                                                         *s/ Daniel M. Greenfield*
                                                         Daniel M. Greenfield